**Timothy HAYES, Plaintiff,**

v.

**COMPASS GROUP USA, INC., d/b/a Eurest Dining Services, and Cary Orlandi, Defendants.**

**Civ. No. 3:00CV973AHN.**

United States District Court, D. Connecticut.

May 9, 2001.

Stephen F. McEleney, Karen Kirsten Buffkin, Hartford, CT, for plaintiff.

Lawrence Peikes, Stamford, CT, Todd Andrew Bromberg, New York City, for defendant.

### RULING

FITZSIMMONS, United States Magistrate Judge.

Defendants filed a *Motion to Enlarge Time to File Objections Pursuant to Rule 6(b) and Objections to the Magistrate Judge's Discovery Order Pursuant to Rule 72(a)* [Doc. # 20] on April 5, 2001. The Court construes the motion and its accompanying *Memorandum of Points and Authorities* as a Motion to Reconsider the court's March 14, 2001 order. As discussed further below, defendants' request is DENIED.

Defendants make several requests in their motion, which the court will address in turn. However, as an initial matter, counsel is directed to review the Local Rules of Practice—specifically Local Rule 9(d)(2), which states

> [n]o motion pursuant to Rules 26 through 37, Fed.R.Civ.P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion with out the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.

Local Rule 9(d)(2). In this case, several of the requests or alternative proposals were not before the court during the March 13, 2001, telephone conference with the parties

and there is no indication that counsel have discussed these options with plaintiff's counsel. Therefore, in these instances, the court declines to address defendants' requests and directs counsel to confer with opposing counsel to determine if an agreeable solution can be reached without the court's intervention.

■ Defendants first request that Mr. Cary Orlandi, a named defendant in this matter, not be required to disclose his salary and bonus structure since it is not relevant to plaintiff's claims. The Court disagrees.

Notwithstanding defendants' arguments that Mr. Orlandi is not subject to individual liability,[1] that punitive damages are not available under the federal Age Discrimination in Employment Act, and that Connecticut courts have generally held that under the Connecticut Fair Employment Practices Act punitive damages are to measured by attorneys fees and costs, there are additional theories under which Mr. Orlandi's financial compensation could be relevant to plaintiff's claims. With respect to Mr. Orlandi's salary and bonus compensation structure, to the extent that his compensation gives him an incentive to evaluate his subordinates on the performance of their accounts, it could be relevant to a claim of discrimination. Also, the size of Mr. Orlandi's compensation could be relevant to any bias he may have as a witness. For these reasons, in accordance with the court's previous order defendants are directed to disclose Mr. Orlandi's salary and bonus structure under a protective order, for attorney's eyes only, unless the court orders otherwise.

Defendants next request that the non-party employee evaluations be produced subject to a protective order. Defendants should propose a protective order to plaintiff; if agreement can not be reached, counsel

should contact the court.[2] Defendants' proposals to redact employee names and social security numbers, and to limit disclosure of the information, were not proposed during the March 13 telephone conference. The court declines to address this request as there is no indication that counsel for the parties have conferred and attempted to agree to this modification as required by the Local Rules.

■ Defendants' last request seeks clarification of the scope of the court's order requiring it to disclose client information in the Northeast Region and also, to the extent that defendants are required to disclose information, a protective order limiting such disclosure. Defendants' counsel appears to be unaware of the process of cooperative discovery that takes place in the District of Connecticut. In resolving a dispute, the court rules on the narrowest reading of the open issue between the parties. Where plaintiff has already agreed by letter to narrow the scope of the request,[3] the court presumes that it is ruling on the reasonableness of the narrowed request. It is not productive to revisit broader requests that have since been abandoned.

■ Counsel is referred to the record of the conference which was held on March 13, 2001, if he seeks clarification of the context in which the ruling was made. If counsel is unwilling to rely on a verbal agreement with opposing counsel as to the limitation of certain requests, it is certainly adequate to confirm the limitations in correspondence between counsel, with a copy to the court if it impacts a previous ruling. A formal motion to incorporate agreement to limit discovery between counsel is not necessary and is not an efficient use of judicial or client resources.[4]

---

1. Defendants cite *Wasik v. Stevens Lincoln–Mercury, Inc.*, 2000 WL 306048 (D.Conn.), for the proposition that Mr. Orlandi would not be subject to individual liability under CFEPA. However, the court notes, and as discussed in the *Wasik* opinion, that the Connecticut Supreme Court has not decided this question and the lower Connecticut state courts are split on this issue. *See Wasik*, at *5–*7.

2. The court notes that it is counsel's responsibility to propose protective orders for the court to consider, either by agreement or through the submission of alternative drafts.

3. *See* plaintiff's letter to the Court, dated March 12, 2001.

4. Counsel's attention is directed to the court's March 14 order, at page 5. The Court ordered disclosure of documents on the *performance* of accounts under plaintiff's control. There is no language in the court's order to the effect that defendants are required to produce *all* documents on these accounts, including "work schedules, sanitation reports, [and] food order forms." As discussed with counsel during the March 13 telephone conference, and as stated in plaintiff's March 12 letter, "performance" of the accounts

Defendants argue that if the court orders disclosure of profitability reports it would constitute a "clear and defined injury to the Company's ability to retain these accounts, and would provide Plaintiff and any other competitor with the means and opportunity to take over this business." Defendants then request that if disclosure is required that the "accounts be coded to reduce a competitor's ability to utilize this data for unfair competition; and/or that Plaintiff be required to agree that he will not solicit business from these accounts." As discussed above, defendants should present a request for coding, or an agreement not to solicit business, or some other alternative to plaintiff's counsel. If an agreement can not be reached, counsel should then contact the court.

*REQUESTS 31–35*

■ In their April 5, 2001, letter to chambers in response to the March 14 order defendants provided information regarding how discrimination claims are recorded within the company, what mechanism is available to search the records, where the files are kept, and for what length of time.[5] Based on the information provided, defendants will be required to produce information on all age discrimination cases, complaints, or grievances brought against Compass Group USA after January 1, 1998. Defendants are not required to manually search their files for information on age discrimination complaints filed prior to January 1, 1998. Finally, defendants should provide the court with the total number of internal EEO-related complaints on file in Zone 1. Defendants should also provide the court with information on how the human resource office in Zone 1 maintains its files.

Defendants represented that prior to the installation of a computerized case management system, age discrimination claims were recorded in a general computer file based on the name of the plaintiff and the location of the records. The general list includes over 300 litigations and 243 EEOC charges. Without retrieving the paper files and manually inspecting them, defendants are unable to identify which files involve age discrimina-

tion claims, and which apply to the northeast division of Eurest. However, defendants have computer search capabilities for all claims filed after January 1, 1998.

Based on the information provided, defendants will be required to produce judicial and administrative complaints filed against Compass Group USA from January 1, 1998 to the present **for** all age discrimination claims. Defendants will not be required to manually search their files for complaints filed prior to January 1, 1998. This will constitute compliance with plaintiff's requests numbered 32, 33, and 35.

Regarding request number 31, defendants represented that internal EEO-related claims are filed in one of six regional human resource zones. Zone 1 includes Connecticut, Maine, Massachusetts, New Hampshire, New York, Rhode Island and Vermont. Defendants shall respond to Request 31 with information on file in the Zone 1 human resources office only. The court will consider proposals for further limitations on the response to number 31 once counsel has ascertained the number of files maintained in Zone 1 and consulted with opposing counsel, along with the other information laid out on page 2 of the Court's March 14 order.

The Court will continue to reserve on Request 34 until the number of files under the preceding request is determined.

*CONCLUSION*

For the reasons discussed above, defendants' motion to reconsider [Doc. # 20] is DENIED.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or

---

under plaintiff's control referred to the financial performance of those accounts and any account problems plaintiff was addressing.

5. This information is to be provided in response to plaintiff's interrogatory requests 31–33, 34, and 35.

modified by the district judge upon motion timely made.